# Amiel S. Pfeifer and George J. Kaufman, Partners, doing Business as Pfeifer & Kaufman, Appellants, *v.* Fred Rahiser.

*Equity—Injunction—Restraint of trade.*

Contracts in restraint of trade are not favored by the law and, although they will be enforced, the proof of the making of them must be clear and indubitable before an injunction will be issued to restrain a party from engaging in business.

*Equity practice—Finding of facts—Equity rules.*

Where the court in the decree dismissing a bill in equity to restrain a defendant from engaging in business in a certain town and neighborhood finds that the weight of the evidence does not establish the contract not to engage in said business, such finding of fact though embodied in the decree is a substantial compliance with the equity rules of the Supreme Court.

*Weight of testimony—Dismissal of bill.*

In a bill to restrain defendant from engaging in business in a certain town and neighborhood, the evidence of the two plaintiffs of defendant's statement, relied on by them as a contract not to engage in business, was consistent with a then existing purpose, rather than a positive contract, not to do so; they were directly contradicted by the answer, by the testimony of defendant and by two disinterested witnesses, one called by them and one called by the defendant. *Held,* that the finding of the court against the contract relied on was in accord with the testimony and that it was not error to dismiss the bill.

Argued May 11, 1896. Appeal, No. 6, April T., 1896, by plaintiffs, from decree of C. P. Butler Co., Sept. T., 1895, No. 3, dismissing bill in equity against defendant. Before RICE, P. J., WILLARD, WICKHAM, REEDER, ORLADY and SMITH, JJ. Affirmed.

Bill in equity by plaintiffs in which they prayed the following relief:

1st. That the defendant be perpetually enjoined and restrained from engaging in the business of drilling water wells, directly or indirectly, within the borough of Evansburg aforesaid, or in the neighborhood thereof.

2d. That an account be taken of the damages plaintiffs have sustained by reason of defendant's violation of his contract

aforesaid, and that the defendant be decreed to pay the amount of said damages to plaintiffs when the same is ascertained.

3d. Such equitable relief as the circumstances of the case require and which to justice and equity appertain.

4th. That the defendant be decreed to pay the costs of this proceeding.

Plaintiffs alleged purchase of well drilling machinery from defendant for $550 upon the express agreement and undertaking on the part of the defendant that he would not engage in the business of drilling water wells in the borough of Evansburg, Butler county, or in the neighborhood thereof. The whole transaction was verbal.

The facts are sufficiently stated in the opinion of the Superior Court.

The court below, Greer, P. J., issued the following decree:

July 15, 1895, case called, witnesses sworn and examined in open court. Held for consideration, July 18, 1895. The weight of evidence in this case does not establish the contract alleged by the plaintiffs in their bill, to wit: That the defendant promised and agreed not to engage in the business of drilling water wells in the borough of Evansburg or in the neighborhood thereof. Therefore the bill is dismissed at the cost of the plaintiffs.

*Error assigned* was, among others, dismissing plaintiff's bill.

*W. H. Lusk*, for appellants.—The decree of the court below is a mere matter of deduction or inference on the evidence without detailing the processes by which it is reached, and is not entitled, therefore, to the weight or force which it would otherwise possess. This court is as competent to make these deductions or draw these inferences as the court below: Phillip's App., 68 Pa. 130; Sproull's App., 71 Pa. 137; Worrall's App., 110 Pa. 359; Cake's App., 110 Pa. 65; Hindman's App., 85 Pa. 466; Milligan's App., 97 Pa. 525; Sweatman's App., 150 Pa. 369; Dyer's App., 107 Pa. 446; Mortland v. Mortland, 151 Pa. 593; Miller's App., 102 Pa. 544. Good faith requires of a party who has sold the good will of his business that he should do nothing which tends to deprive the purchaser of its benefits

and advantages: Hall's App., 60 Pa. 458; Dwight v. Hamilton, 113 Mass. 175; Angier v. Webber, 14 Allen, 211; Warren v. Jones, 51 Me. 146. The witnesses for defendant admitted they did not hear the entire conversations. This is negative testimony: Urias v. Railroad Co., 152 Pa. 326.

*S. F. Bowser,* with him *A. L. Bowser,* for appellee.—The answer is responsive to the bill. Plaintiffs must corroborate it outside of themselves: Reed's App., 7 Atl. Rep. 174; Campbell's Exr. v. Patterson, 95 Pa. 447. The findings of the court below will not be set aside except for clear error: Bugbee's App., 110 Pa. 331; Kutz's App., 100 Pa. 75; Kisor's App., 62 Pa. 428; Stocker v. Hutter, 134 Pa. 19; Weaver's App., 12 Atl. Rep. 312; Borough's App., 6 Cent. Rep. 142.

OPINION BY REEDER, J., July 16, 1896:

The only question in this case is one of fact and not of law. The court below found that the existence of the contract upon which the prayer for the injunction in the plaintiff's bill was predicated is not sustained by the evidence. As this was the only question of fact at issue upon the pleadings, the finding of fact, though embodied in the decree of the court below, is a substantial compliance with the equity rules of the Supreme Court, and the well established rule that a finding of fact in the court below will not be disturbed upon appeal except for plain error applies: Vide Kisor's App., 62 Pa. 428; Stocker v. Hutter, 134 Pa. 19; Bugbee's App., 110 Pa. 331; Kutz's App., 100 Pa. 75; Sproull's App., 71 Pa. 137.

If we should however consider this question as if it were presented to us for primary determination without being controlled by the action of the court below as to its findings of fact, and should yield to the appellant all that he contends for as to the action of this court in this regard, we should be impelled to the same conclusion upon the testimony in this case as that arrived at in the court below. The only question of fact is, did the defendant agree when he sold his well boring machine to the plaintiff not to operate with a similar machine in boring wells in Evans city and its vicinity. The bill alleges that he did. The answer denies it. The two members of the partnership testify to that fact, the defendant denies it. The statement as

testified to by both the plaintiffs was a vague, indefinite, oral one, " not to buy another machine, I will do that, you can take my word for that." They are corroborated by two other witnesses, one the brother of one of the plaintiffs, who says that Amiel Pfeifer said to the defendant, " I wouldn't buy this machine if I knew you were going to buy another." The defendant said, " You can take my word for it I am not going to buy another machine." Jacob Rape testifies that Pfeifer and Rahiser met in his presence and the former said to the latter, " I hear you are getting another drilling machine," to which Rahiser said, " Yes." Pfeifer says, " That was not in your contract." Rahiser says, " I know it was not, but if I do get a machine I will not bother you people, I will go out of the neighborhood." It may well be doubted, if this testimony stood alone without contradiction, whether it is proof of a contract on the part of Rahiser not to continue in the business of boring wells so as to conform to the rule of law that the proof to warrant the issuance of an injunction to restrain another from engaging in business must be "clear and indubitable." Isn't it entirely consistent with an expression of a then existing purpose only and not a positive contract not to do so? But it is unnecessary to consider this phase of the question further, for the testimony of the plaintiff is met by the evidence of two disinterested witnesses besides the defendant himself directly contradictory of it, one of them a witness called by the plaintiff and one by the defendant. O. L. Sulton says he was by when the conversation testified to by the two plaintiffs with the defendant took place, and his statement as to the contract for the sale of the machine contradicts the testimony of both the witnesses. The testimony of Joseph Rahiser, who was present also at the time the conversation is alleged to have taken place, also contradicts the testimony of the two plaintiffs in regard to any such contract as that upon which they seek to rest this injunction. The law does not favor contracts of this character, as being in restraint of trade; they are not in accord with public policy. But where they are entered into the courts will enforce them, but the proof of the making must be clear and indubitable. The finding of fact by the court below is therefore in accord with the testimony in the case and the decree was properly entered.

Decree affirmed at the cost of the appellant.