# Dickey, Appellant, v. Norris.

*Equity—Equity practice—Findings of fact—Conclusions of law.*

The judge in equity cases should find the facts and state his conclusions of law distinctly and affirmatively in his own order and his own way. He may adopt and use the language of requests by either party. It is not only convenient and a saving of labor to do so, but frequently conduces to accuracy of detail where the evidence is voluminous or conflicting. But when he does this he should adopt the findings fully and explicitly as his own in such manner as to leave no room for doubt that they are his independent judicial conclusions. Requests not so adopted, if requiring answer ex majore cautela, should be affirmed or refused separately so as to avoid all possibility of confusion with his own findings on what he considers the relevant and material points of the case.

*Equity—Deed—Rescission—Findings of fact—Review.*

On an appeal from a decree refusing to rescind a deed alleged to have been procured by undue influence, the Supreme Court will not review the findings of fact of the lower court based on sufficient evidence, to the effect that the deed was executed voluntarily, with full knowledge of its effect, and for a good consideration; that there was a valid delivery; and that there was no fraud or undue influence in the making or delivery.

Argued Oct. 15, 1906. Appeal, No. 99, Oct. T., 1906, by plaintiff, from decree of C. P. Lawrence Co., March T., 1905, No. 2, dismissing bill in equity in case of Thomas W. Dickey, Executor of the Estate of Jane Roberts, deceased, v. Judson C. Norris, Elmer P. Norris and Sarah J. Patterson. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Bill in equity to rescind a deed. Before PORTER, P. J.

From the record it appeared that the deed in question was executed on October 9, 1902, by Jane Roberts, an old and illiterate woman, to three of her grandchildren. The deed was recorded on January 27, 1904. The court found, inter alia, as follows :

1. The deed in question was made for a good and valuable consideration.

2. The recording of the deed was in law a good delivery thereof to the defendants.

3. There is no evidence of any fraud, accident or mistake in the making, executing or delivery of the deed.

4. There is no testimony in this case sufficient to warrant the court in making the decree prayed for and under all the evidence the bill should be dismissed.

The consideration mentioned in the deed in question is $1.00 and love and affection, and the deed is under seal. The consideration is both good and valuable. A valuable consideration is money or its equivalent—anything capable of being measured by a money standard. An inadequate valuable consideration in itself is not sufficient grounds to warrant the court in decreeing a reconveyance. A good consideration is love and affection or the like and has no pecuniary measure or value.

The deed having been executed for a good and valuable consideration, was it delivered ? That it was recorded in com-

pliance with the explicit and positive direction of the plaintiff
is clearly shown by the testimony of David N. Keast, who was
very careful in caring for the interest of Jane Roberts.   And
in order that she might fully understand and comprehend the
effect of recording the deed Mr. Keast explained the effect to
her, and after the explanation she still insisted that it be taken
to the court house, and we have no doubt she intended it to
be recorded so that the matter would be fixed and she could
not change it.   The testimony shows further that Mr. Keast
did not take the deed to the court house immediately, but held
it more than a year after its execution; and that while he held
it more than once she requested him to take it to the court
house; and the further fact should not be overlooked that all
this was done by Mrs. Roberts against the advice of her at-
torney, Mr. Keast, and the protests of one of the beneficiaries,
Judson C. Norris, and without any influence being brought to
bear upon her in favor of her conduct by any of the beneficia-
ries.   Yet she, uninfluenced and unsolicited, directs the deed
to be taken to the court house; which phrase, " taken to the
court house," we believe, in view of the explanations made to
her by her attorney, Mr. Keast, was understood by her to mean
that it should be recorded.   And if the deed was directed to
be placed on record by her with a full understanding and com-
prehension of the legal effect of recording it, then when she
directed it to be recorded she directed it to be delivered, for
the legal effect of recording the deed would be that it is prima
facie evidence of delivery: Bush v. Genther, 6 Del. County
Rep. 323.

Delivery is presumed from execution and recording.   This
cannot be overcome by the declarations of the grantor that the
deed was not delivered: Kern v. Howell, 180 Pa. 315.

While courts of equity have power to intervene and set aside
voluntarily executed deeds and other instruments, yet the
power to do so is of an exceedingly delicate character, not to
be lightly exercised and only to be invoked when the manifest
justice of the case requires it: Simon v. Simon, 163 Pa. 292.

On page 300 our Supreme Court says : " We are unable to
discover in it all any of the elements which are so essential to
equitable intervention.   There is no evidence, not the least, of
any exercise of undue influence in the procurement of the

deed." Applying the language and logic of this case to the one at bar, we should keep in mind, first, Sarah J. Patterson never exercised any influence, and there is no allegation on the part of any witness for the plaintiff to show that Elmer P. Norris ever exercised any influence on Jane Roberts in procuring the making of the deed, nor is there any proof by any witness that Judson C. Norris ever exercised any influence in procuring the deed. If it be true that he was her confidential advisor, this would weigh against the plaintiff when it is remembered that when he learned of her intention to make the deed he protested against its being made to David N. Keast, her attorney, who after frequent solicitation on her part prepared the deed, notwithstanding he had advised her against doing so. Where a deed is executed without fraud, accident or mistake, and delivered by a father to a son and without any duress or undue influence on the part of the son, the deed will not be set aside in a court of equity: Carney v. Carney, 196 Pa. 34.

The same principle applies in this case where a grandmother has, without any fraud, accident or mistake, executed and delivered without any duress or influence to the only grandchildren of her deceased husband a deed for the land which she has obtained by devise from her husband.

There is nothing in the relation of parent to child or other near relation to preclude one from accepting a benefit from the other in the shape of a gift or of a contract upon more advantageous terms than would have been granted to a stranger, and the fact that such a gift has been conferred or contract made will not warrant an inference that it has been procured by undue influence. Unless there is something suspicious in the circumstances, or the nature or amount of the gift is such that it ought not to have been accepted, even if freely tendered, the donee will not be called upon to show that the transaction was in all respects fair and honest, and in no respect tainted by fraud or undue influence: Worrall's Appeal, 110 Pa. 349.

There is nothing in the circumstances connected with the execution or delivery of the deed in this case that taints it with fraud or undue influence. Everything was fair, the plaintiff herself secured the making of the deed, caused it to be recorded, and the defendants allowed the rents, issues and prof-

its of the property to go to the plaintiff for life without question. The evidence is not sufficient to throw the burden of proof on the defendants.

The case at bar is stronger in its facts than that of Davidson v. McCaslin, 35 Pittsb. Legal Journal (N. S.), 291, where in the trial it was argued that the plaintiff was of weak intellect from old age, yet she maintained the suit in her own behalf. In the absence of fraud or undue influence mere weakness of intellect from sickness or old age is no ground for avoiding a deed. It is not necessary that a person about to execute a deed should have sufficient mental capacity to take into connected view the whole of his property. If he understands in detail all his separate items of property, and chooses with understanding and reason between one disposition and another, it is sufficient. Mental capacity to execute a deed does not include the ability to understand the legal effect which lawyers may impart to the words employed. If the nature and effect of the instrument as a conveyance of property is understood, it is sufficient.

In the case of Moorhead v. Scovel, 210 Pa. 446, the Supreme Court deals at length with the same questions which are involved in this case, and an examination of the facts in that case will show that the grantor had not as full and complete a knowledge of the condition of her estate as had Jane Roberts. And in connection with a discussion of that case it will be observed that Jane Roberts had the deed drawn by her own attorney; that she told him what she wanted done; that he advised her in connection with the matter; that he told her she could not convey the property by will without reserving the right which every person has of revoking it; that she insisted that she wanted to have the property so there would be nothing further done about it, but that the conveyance would be absolute; and after all this explanation and the advice of her attorney, her attorney drew the deed, explained it to her, she executed it and caused it to be recorded. There is no evidence of fraud, accident or mistake, nor is there any evidence of undue influence, nor is the entire matter in any way tainted with unfairness on the part of the defendants.

That the property left was insured under the policies that were in existence at the time of the making of the deed is of little

importance; nor is it important that the policies afterward written were written in the name of Jane Roberts, when the evidence shows that Elmer P. Norris, who had charge of the matter of insurance, was away from home and before going had turned the matter of the renewal of insurance over to his father, C. P. Norris, who did not know the title to the properties had passed to the defendants and was not informed by Elmer P. Norris, in whose name the policies should be written.

Therefore, after a careful examination of the testimony, we are led to the conclusion that the deed dated October 9, 1902, by Jane Roberts to Judson C. Norris, Elmer P. Norris and Sarah Patterson, was executed and delivered for a good and valuable consideration, without any fraud, accident or mistake and without any undue influence, and that at the time of the execution and delivery Jane Roberts fully understood and comprehended the nature and effect of the execution and delivery of the deed.    Therefore, in view of this finding the bill in this case should be dismissed.

*Error assigned* was the decree of the court dismissing the bill.

*H. K. Gregory*, with him *T. W. Dickey* and *W. D. Wallace*, for appellant.

*J. Norman Martin*, for appellees.

PER CURIAM, January 7, 1907:
The findings both of fact and of law by the learned judge below are mostly in the form of answers to requests by the plaintiff who was the losing party.    This is not good practice as it involves unnecessary labor and not infrequently some doubt on the part of this court to determine how far the findings should be treated as the judicial conclusions of the court below, or as mere acquiescence in views more or less material and relevant presented by one of the parties.    The judge in equity cases should find the facts and state his conclusions of law distinctly and affirmatively in his own order and his own way.    He may adopt and use the language of requests by either party.    It is not only convenient and a saving of labor to do

so, but frequently conduces to accuracy of detail where the evidence is voluminous or conflicting. But when he does this he should adopt the findings fully and explicitly as his own in such manner as to leave no room for doubt that they are his independent judicial conclusions. Requests not so adopted, if requiring answer ex majore cautela, should be affirmed or refused separately so as to avoid all possibility of confusion with his own findings on what he considers the relevant and material points of the case.

This case involves no doubtful questions of law. The only disputable matters are of fact. It was a bill to declare a deed fraudulent and to decree a reconveyance. The grantor was old and illiterate, and the grantees were her grandchildren, two of whom were consulted by her in many but not all of her business matters for some time previous to the date of the deed, but who may be treated as occupying a fiduciary relation to her. The bill was filed by the grantor more than two years after the date of the deed, and at a time when as found by the court below her memory had become very much impaired. The deed was prepared by the grantor's attorney at her command, though against his advice, and was delivered by her to him voluntarily and with full comprehension of its effect, but in escrow, " to be delivered to the grantees or any one of them upon my verbal or written instructions so to do, or in event of my death, without such instructions." The attorney kept it for more than a year and then was directed by her to " take it to the court house " a direction repeated after he had explained that he would have it recorded and that would mean a delivery.

On this outline it is manifest that the case turned on the evidence. The learned judge below found as already indicated, that the deed was executed voluntarily, with full knowledge of its effect, and for a good consideration ; that there was a valid delivery ; and that there was no fraud or undue influence in the making or delivery. Independent of their force as findings of the court who had the witnesses before him they are clearly in accord with the weight of the evidence.

There was nothing in the case to sustain the claim that the deed was testamentary in character.

Decree affirmed.