## Colwes, Appellant, *v.* Meyer.

*Equity—Findings of fact by chancellor — Evidence — Mental capacity to execute deed—Appeal—Review.*

Findings of a chancellor based on sufficient and competent evidence, although contradicted, that a person was mentally capable of executing a deed, will not be reversed on appeal, except for manifest error.

Argued October 17, 1921.    Appeal, No. 99, Oct. T., 1921, by plaintiff, from decree of C. P. Allegheny Co., July T., 1920, No. 1301, dismissing bill in equity, in case of Mable Louise Colwes v. Frank P. Meyer et al.    Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.    Affirmed.

Bill in equity to cancel deed.    Before FORD, J.
The opinion of the Supreme Court states the facts.
Bill dismissed.    Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.


*A. L. Cramer,* for appellant.


*A. M. Imbrie,* with him *Leander Trautman,* for appellee.


PER CURIAM, January 3, 1922:

Plaintiff and her sister were the owners of the premises No. 5440 Center Avenue, Pittsburgh, subject to the life estate of their mother. On July 19, 1915, with her mother and sister and the latter's husband, she joined in conveying the property, through an intervening trustee, to her brother-in-law for the nominal consideration of $1. Upon the death of her mother, four and one-half years later, plaintiff repudiated the transfer and filed the bill in this case to have the deeds annulled and set aside, alleging that, at the time of their execution, she was a morphia addict to such extent as to render her incapable of understanding the nature of her act in executing the conveyance. The court below found plaintiff at that time was mentally capable of understanding the import of the instrument and the consequence of her act and dismissed the bill. Plaintiff appealed.

This court on numerous occasions has said the findings of a chancellor based on conflicting evidence will not be disturbed except for manifest error: Steinmeyer v. Siebert, 190 Pa. 471; MacDougall v. Citizens Nat. Bank, 265 Pa. 170. Following the rule laid down in these and many other cases, our only duty here is to examine the testimony and ascertain whether the findings of fact are supported by ample evidence. This we have done and are clearly of the opinion the findings and conclusions of the court below should not be disturbed. We find testimony tending to show the existence of a strong affection between the mother and the two daughters. They continued the family relation following the

death of Doctor Martin, the husband and father, living together in the Center Avenue home. The daughters both assigned to the mother their interest in the personal estate of the father and also joined with their mother in placing a mortgage upon the Center Avenue home to secure the payment of $4,500, borrowed for the use of the mother. Later Mrs. Martin became financially embarassed, taxes remained unpaid, default was made in the payment of interest and current bills exceeding the amount of $1,200 were overdue. The market for real estate was inactive and an attempt to borrow additional money on the premises to meet these obligations failed. Following family conferences, at which Mrs. Martin, her two daughters and son-in-law were present, the latter proposed to purchase the property for the sum of $8,000 to be paid by assuming the $4,500 mortgage, paying $1,500 in cash to be used in discharging debts, giving his note for $2,000 and agreeing to provide a home for Mrs. Martin for life. This proposition was acceptable to all and, upon execution of the deeds, plaintiff's brother-in-law carried out his agreement. Plaintiff accompanied her mother and sister to the office of an attorney, a reputable member of the Allegheny County Bar, who prepared the deeds for the transfer and, upon their execution, she expressed satisfaction with the arrangement, as it relieved her mother from further financial worry. Further, it is uncontradicted that, following the death of her mother, in discussing the affairs of her father's estate with her sister and brother-in-law, plaintiff said she executed the deed to her brother-in-law for her mother and would do so again. This testimony indicates a desire on part of plaintiff and her sister to act for the best interest of their mother and that they believed they were so doing in providing a home for her during life.

Although the testimony shows plaintiff was for about one year previous to July 19, 1915, addicted to the use of morphia in varying quantities, it does not sufficiently

appear that the drug had the effect of impairing her mind and incapacitating her from comprehending her act in assenting to the transfer of the property to her brother-in-law and in executing the deed to consummate the acceptance of his proposition to purchase.

The decree of the court below is affirmed at plaintiff's cost.