# Keally's Estate.

*Decedents' estates—Claims—Evidence—Findings of fact.*

Findings of the orphans' court, based upon sufficient evidence, that a decedent was not indebted to his son, will not be reversed.

Argued April 20, 1922. Appeal, No. 44, Oct. T., 1922, by Harry J. Keally, from decree of O. C. Allegheny Co., Jan. T., 1921, No. 124, dismissing exceptions to adjudication, in estate of Charles L. Keally, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication. Before TRIMBLE, J.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Harry J. Keally, a son of testator, and claimant, appealed.

*Error assigned,* among others, was decree, quoting it.

*Edwin W. Smith,* of *Reed, Smith, Shaw & Beal,* with him *John E. Laughlin,* for appellant.

*Frank C. McGirr,* with him *George H. Rankin,* for appellee.

PER CURIAM, January 3, 1923:

Appellant claimed $30,000 from the estate of his deceased father, basing the demand on a check to claimant's order, signed by decedent, almost four years prior to his death; counsel for appellant contended that a partnership had been proved between the father and son and that the check represented an indebtedness arrived at in the settlement of this partnership. The court below found, however, that "there was no partnership between decedent and claimant," and that "decedent was not indebted to his son." The majority of this court feels there is evidence on the record to sustain these controlling findings, and, hence, that the decree appealed from must stand.

The decree is affirmed; costs to be paid out of the fund for distribution.