# Fleming's Estate.

*Wills—Probate—Forgery—Substantial dispute—Refusal of—Issue—Act of June 7, 1917, P. L. 415.*

1. In a will contest, the judge is vested with power to decide whether or not he shall submit oral evidence to the jury, even though it be conflicting.

2. In such case it is the right and duty of the judge, after weighing the whole evidence, impartially, to refuse to present it to the jury, unless he either feels the ends of justice call for a verdict against the will, or is so uncertain on this point that he could conscionably sustain a finding either way on one or more of the controlling issues involved.

3. Such is true under the Wills Act of June 7, 1917, P. L. 415, as it was under prior legislation.

4. Where a paper purporting to be a will has been adjudicated a forgery, and subsequently a second paper, similar to the first with only slight differences in spelling, is found and produced under circumstances raising more than a suspicion as to its authenticity, a refusal of an issue to determine its validity as a will is proper, and will not be reversed on appeal.

Argued March 11, 1924. Appeal, No. 33, Oct. T., 1924, by Clara Bell Fleming, residuary legatee under paper refused probate, from decree of O. C. Allegheny Co., Nov. T., 1921, No. 475, dismissing petition for probate, in estate of Joseph K. Fleming, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition to probate paper as will. Before TRIMBLE, J.

The opinion of the Supreme Court states the facts.

Petition dismissed. Clara Bell Fleming, residuary legatee under paper offered for probate, appealed.

*Error assigned,* was, inter alia, decree, quoting record.

*John O. Wicks,* of *Weller & Wicks,* with him *C. L. Wallace,* for appellant.

*George E. Alter,* with him *John W. Dunkle, F. G. Moorehead, Eugene Mackey* and *Alter, Wright & Barron,* for appellees.

OPINION BY MR. JUSTICE SADLER, April 14, 1924:

Fleming, a resident of Pittsburgh, died in 1909, unmarried, leaving a considerable estate, and was survived by remote collateral relatives. Some seven years later, an instrument in the form of a will was presented by which he apparently disposed of his property, but this paper was claimed by the parties interested to be a forgery. The rejection of the document by the orphans' court on this ground followed, and its conclusion sustained on appeal: Fleming's Est., 265 Pa. 399. During the pendency of the proceeding referred to, the writing now before us was in the possession of counsel for the proponents, but not produced.

After the decision in the first case, the second paper was brought forth, in which like testamentary provisions appear, and is seemingly witnessed by the same persons. It was claimed to have been found in the yard of decedent's home, amongst other partly burned articles, by a chauffeur who had stopped to secure a light for a cigarette at the fire which he observed in passing. The finder retained it for a long time, but it is insisted that he later sent it to those who might be interested. The register refused probate when presented and an appeal was taken, though at the time no request appears for a jury trial to determine the validity of the writing as a will. Now, counsel claim this was due to misleading statements of the court below, but a reading of the record does not justify this averment. Even if the contrary conclusion could be reached, a careful consideration of the evidence leads to the belief that the subsequent application for an issue to determine the facts was prop-

erly refused, since there was no such "substantial dispute" as to make necessary the submission of the question involved to a jury. The reading of the voluminous testimony is convincing that the claim of the proponents was not made out, and even if a verdict was returned in their favor it could not be sustained by a chancellor.

"It is the established law of Pennsylvania that, in cases of the character of the one now before us, the judge is vested with power to decide whether or not he shall submit oral evidence to the jury, even though it be conflicting. It is his right and duty, after weighing the whole evidence, impartially, to refuse to present it unless he either feels the ends of justice call for a verdict against the will, or is so uncertain on this point that he could conscionably sustain a finding either way on one or more of the controlling issues involved": Tetlow's Est., 269 Pa. 486, 494; Henry's Est., 276 Pa. 511. This is as true under the Wills Act of June 7, 1917, P. L. 415 (Cross's Est., 278 Pa. 170), as it was under the prior legislation.

In the present case, the will offered for probate is practically a duplicate of the one heretofore held fraudulent (Fleming's Estate, supra), and the same witnesses appear,—all of whom are now deceased. An examination of both documents will show their similarity, though there are slight discrepancies in spelling. The circumstances surrounding the discovery and production of the second raise more than a suspicion as to its authenticity, and we are of the belief that the evidence offered did not make necessary the submission of the question of its genuineness to a jury, for, had it been, a verdict for the proponents could not have been upheld. In the first appeal (p. 405), we said what may be appropriately repeated here: "The court below saw and heard the witnesses and their explanations of the numerous photographs and other exhibits, a decided advantage especially in weighing testimony depending largely upon reasons shown and demonstrations made, and found the will

was a forgery, and that on the entire evidence a verdict in its favor could not be sustained; hence, it set aside the probate and refused to grant an issue as prayed for by proponents." The conclusion reached in this second proceeding was fully justified, and all of the assignments of error are overruled without special reference thereto.

The decree is affirmed at the cost of appellant.