# Hamilton et al. *v.* Fay, Appellant.

*Deeds—Execution—Mental capacity of grantor—Presumption— Undue influence—Evidence of physician.*

1. Sanity and mental capacity of a person signing an instrument in writing, are presumed, and the burden is on one who alleges the contrary.

2. In the absence of fraud or undue influence, mere weakness of intellect, resulting from sickness or old age, is no ground for avoiding a deed if sufficient intelligence remains to comprehend the action.

3. It is the duty of the courts to see that a man's disposition of his estate is not set aside upon insufficient evidence.

4. The opinion of a physician that a man was physically unable to sign a deed is of no avail against the established fact that he actually did sign it.

*Equity—Jurisdiction—Parties—Deeds—Cancellation—Estate by entireties—Findings of fact—Inferences from facts—When findings will be reversed.*

5. When findings of fact in an equity case are challenged on appeal, such findings must be supported by sufficient evidence, and if such evidence is lacking, the findings will be reversed.

6. Where the case turns upon reasoning or inferences to be drawn from the facts, the trial court's conclusions are always open for review.

7. Not decided whether the party through whom the title passed in changing a title from a fee in a husband to an estate by entireties in husband and wife, should be made a party to a bill to cancel the deeds.

Argued March 18, 1925.   Appeal, No. 37, March T., 1925, by defendant, from decree of C. P. Allegheny Co., July T., 1923, No. 2736, on bill in equity, in case of Loretta Fay Hamilton and Mary McTighe v. Margaret K. Fay.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Reversed.

Bill for cancellation of deeds.   Before CARPENTER, J.
The opinion of the Supreme Court states the facts.
Decree for plaintiffs.   Defendant appealed.

*Error assigned* was, inter alia, decree, quoting record.

*G. Malcolm McDonald,* with him *Paul G. McClelland,* for appellant.—A very high degree of proof is required to cancel a deed for any cause whatsoever: Pusic v. Salak, 261 Pa. 512; Sulkin v. Gilbert, 218 Pa. 255; Wolfe v. Arrott, 109 Pa. 473; Citizens Sav. & Loan Assn. v. Heiser, 150 Pa. 514; Phillips v. Meily, 106 Pa. 536; Hultz v. Ackley, 63 Pa. 142.

*Thomas M. Marshall,* with him *Thomas M. Marshall, Jr.,* for appellee.

OPINION BY MR. JUSTICE WALLING, April, 13, 1925:

John R. Fay, of Pittsburgh, died intestate on August 17, 1921, leaving a widow and several adult children. He was twice married and all but one of his children were by the first wife.   He owned two pieces of real estate which, six days prior to his death, he conveyed to a third party, who immediately reconveyed the same back to Fay and his wife, so as to create an estate by

entireties. In June, 1923, plaintiffs, being children by the first wife, brought this bill in equity against the widow to set aside the deeds above mentioned, averring undue influence and also lack of capacity on part of Fay, to which a responsive answer was filed, and thereto a replication. Proofs were submitted to the chancellor, who found, inter alia, that the mental condition of Fay on August 11, 1921 (the date of the deeds), was such as to render him incapable of exercising judgment or comprehending the legal effect of the deeds executed by him. The findings being approved by the court in banc, a final decree was entered in due course granting plaintiffs the relief sought and defendant has appealed.

The decree cannot be sustained. Fay was seventy years of age and the cause of his death was cancer of the stomach, with which he had been afflicted for some months, but not confined to his home or bed until the day the deeds were executed. On that morning (August 11, 1921) he arose, dressed, shaved and went down to breakfast; then sent his granddaughter for a notary to whom he handed the title deeds explaining that he desired to have the title so changed as to create an estate by entireties in himself and wife, then returned to his bed. Later the same morning the notary came with the deeds which Fay signed and acknowledged while sitting on the edge of the bed. The testimony of the notary, corroborated by certain members of the family, is that Fay was then in a normal mental condition; this finds some support in other lay as well as expert evidence.

Plaintiffs' chief witness was Dr. McFarland, who attended Fay the last six days of his life, beginning on the afternoon of August 11th. The doctor expressed the opinion that Fay was not on that day competent to execute a deed or transact other business. The doctor's opinion is weakened by his testimony that Fay's mind was clear for a few minutes and that he recognized the doctor and explained his symptoms, and by the further fact that the doctor did not see the patient until some six

hours after the deeds were executed. While the doctor was uncertain as to the hour of his first visit, other evidence on both sides showed it was in the afternoon. There is no evidence that cancer of the stomach would normally incapacitate the brain six days before death. Dr. Jahn, who had treated Fay earlier in the summer for nervousness and insomnia, expressed the opinion that he could not transact any very serious business, largely because of physical disability. Dr. Jahn ceased treating Fay in July and, so far as appears, the latter had no physician from that time until August 11th. Neither of the two doctors stated any fact which supported his opinion. In addition, plaintiffs called a few lay witnesses, mostly interested parties, who testified to Fay's physical weakness, drowsiness, inability to talk connectedly, etc., during his last days; but developed no facts indicating a lack of sufficient mentality to execute a deed at the time in question. The drowsiness naturally resulted from morphine, which Dr. McFarland prescribed to deaden the pain. Dr. Jahn had also prescribed veronal earlier in the summer to induce sleep, but there was no evidence that Fay was under the influence of any drug when he executed the deeds.

Sanity and mental capacity are presumed and the burden is on him who alleges the contrary. "Testamentary capacity is the normal condition of one of full age, and the affirmative is with him who undertakes to call it in question, and this affirmative he must establish, not in a doubtful, but in a positive manner [although not necessarily by positive evidence]": Grubbs v. McDonald, 91 Pa. 236; Palmer's Est., 219 Pa. 303, 310; see also Stevenson's Executor v. Stevenson et al., 33 Pa. 469, 471, 473.

True, the chancellor's findings of facts, approved by the court in banc, are entitled to the same weight as the verdict of a jury; but here the evidence was wholly insufficient to support a verdict setting aside the deeds in question. When challenged on appeal, such findings

must be supported by sufficient evidence (Worral's App., 110 Pa. 349; Bergner v. Bergner, 219 Pa. 113, 116); such is our language in many cases (see New York & Pa. Co. v. N. Y. Central R. R. Co., 280 Pa. 297; Gassner v. Gassner, 280 Pa. 313; Keally's Est., 275 Pa. 455; Colwer v. Meyer, 272 Pa. 323; Friedline v. Hoffman, 271 Pa. 530, 535; Dickey v. Norris, 216 Pa. 184; Schmeck v. Muhlenberg Twp. S. Dist., 60 Pa. Superior Ct. 183), and where we have said such findings will not be disturbed when supported by evidence, sufficient evidence was necessarily implied, for a finding not based thereon is an error in law which can and should be corrected. Furthermore, where the case turns upon reasoning or inferences to be drawn from the facts, the trial court's conclusions are always open for review: McConville v. Ingham et al., 268 Pa. 507; Kutz's App., 100 Pa. 75; Sproull's App., 71 Pa. 137; Philips's App., 68 Pa. 130; Altaffer v. Anderson Auto Co., 77 Pa. Superior Ct. 63. In the instant case plaintiff's lay evidence was negligible and, under the circumstances, the opinions of their physicians, who were absent when the deeds were executed, cannot stand in face of the established facts: Snyder's Est., 279 Pa. 63; Draper's Est., 215 Pa. 314; Klein's Est., 207 Pa. 191; see also Keller v. Lawson, 261 Pa. 489; Kane's Est., 206 Pa. 204; Fidelity Co., Admr., v. Weitzel, 152 Pa. 498, 502; Com. v. Leach et ux., 156 Mass. 99, 30 N. E. 163. The opinion that a man was physically unable to sign a deed is of no avail against the fact that he actually did sign it.

In making the transfer in question Fay was carrying out a long-cherished and declared purpose of creating a joint ownership of his property with right of survivorship. His building and loan association stock was so held, and five days before the execution of the deeds he had accompanied his wife to the bank and caused his account there to be placed in their joint names and the validity of that act was sustained by the orphans' court. Mrs. Fay had occupied the position of wife and mother

in their home for thirty-five years and was properly the first object of her husband's solicitude; that he saw fit to provide for her by deed in place of a will is of little moment. Had he chosen the latter method, the proof would not have justified an issue to determine its validity; as such should be awarded only where the evidence would sustain a verdict for either party: Tetlow's Est., 269 Pa. 486; Fleming's Est., 265 Pa. 399, 280 Pa. 252.

The instant case is similar to Moorhead v. Scovel, 210 Pa. 446, where we reversed the lower court for setting aside a deed upon evidence like that here in question. There, speaking for the court, our late Brother POTTER says, in effect, that the facts stated by the physicians do not warrant the inferences they draw from them and that in the absence of fraud or undue influence [neither of which is present in the instant case], mere weakness of intellect, resulting from sickness or old age, is no ground for avoiding a deed if sufficient intelligence remains to comprehend the transaction; to like import is 13 Corpus Juris, p. 262. It is the duty of the courts to see that a man's disposition of his estate is not set aside upon insufficient evidence. See Cauffman v. Long, 82 Pa. 72, 80.

In view of our conclusions, as above stated, it is not necessary to decide whether the party through whom the title passed from Fay to Fay and wife should have been made a defendant in this action.

The decree is reversed and plaintiffs' bill is dismissed at their costs.