Dulnikowski, Appellant, *v.* Stanziano.

Argued April 12, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Edward O. Spotts,* with him *Charles S. Morrow,* for appellant.

*Robert E. Wayman,* with him *Dickie, McCamey, Chilcote & Robinson,* for appellee.

OPINION BY MONTGOMERY, J., June 15, 1961:

This is an appeal from an order granting defendant's motion for nonsuit. The action was brought by the plaintiff to recover damages for personal injuries sustained on September 23, 1956, when it is alleged that he tripped over a fence which extended over and across the public sidewalk adjacent to the premises of 1712 Fifth Avenue in the Borough of Arnold, Westmoreland County, where the defendant, a general contractor, was engaged in construction work and in the course of such work had placed the fence upon the sidewalk. There was conflicting testimony covering the presence or absence of light. Great difficulty was encountered in understanding the plaintiff even though two different interpreters were used by the court, in an effort to make the plaintiff's testimony more intelligible. He was the sole witness to testify as to the accident.

After the trial had proceeded to the damage phase and the plaintiff had rested on liability, the plaintiff's physician, a general practitioner, called as plaintiff's medical witness, on cross-examination expressed the opinion that the plaintiff was not competent to testify because of senility. The trial judge, upon motion by counsel for the defendant, struck the entire testimony of the plaintiff relating to the accident. The court then entered judgment of compulsory nonsuit.

The sole question in this case is the propriety of the court below in striking the testimony of the plaintiff because of his mental incompetence upon the opinion of a general practitioner.

The general rule is that the testimony of a witness suffering from an illness affecting mentality is admissible if he has sufficient understanding to apprehend the obligation of an oath, and be capable of giving a correct account of the matters which he has seen or heard in reference to the questions at issue. *Commonwealth v. Kosh*, 305 Pa. 146, 157 A. 479; *Commonwealth v. Loomis*, 270 Pa. 254, 113 A. 428. The mere fact that the plaintiff suffered from senility which at times affected his memory did not render him incompetent to testify. In *McClaney v. Scott*, 188 Pa. Superior Ct. 328, 146 A. 2d 653, this Court held that incompetency of a witness does not necessarily follow from insanity. Neither does incompetency of a witness necessarily follow from senility. Mere weakness of intellect resulting from sickness or old age is not legal grounds for voiding the positive acts such as deeds, contracts, wills, etc., if sufficient intelligence remains to comprehend the transaction. *Ash Will*, 351 Pa. 317, 41 A. 2d 620; *Kish v. Bakaysa*, 330 Pa. 533, 199 A. 321; *Hamilton v. Fay*, 283 Pa. 175, 128 A. 837. The same reasoning would apply to sworn testimony.

In the present case, no attempt was made by the trial judge to determine the understanding of this witness or his ability to comprehend the obligation of the oath. The only evidence of mental incapacity before the lower court other than the opinion of a general practitioner is the testimony of the plaintiff himself. Although the plaintiff had great trouble in comprehending the translation of questions, the record shows that when he did understand the question, his answers were responsive and consistent, and his testimony as a whole is the equivalent of most individuals of his age, background, and education. It should be noted that the plaintiff in his testimony related exactly the same account of the accident that he had related to the physician four years before, at the time of the acci-

dent. The physician testified to this before declaring that the plaintiff was incompetent to testify because of advanced senility. Prior to this declaration, the competency of the plaintiff had not been raised at all.

The record must show that a trial judge made a proper inquiry, before he can arbitrarily strike the testimony of a witness. Where the witness is a party to the action, as in the present case, and the trial judge finds after proper inquiry that the party is incompetent, the procedure to be followed is clearly set forth in the Pennsylvania Rules of Civil Procedure as follows:

"If, at any time during the trial of an action, the court shall find that the defendant is an incompetent who is not represented in the action by a guardian or guardian ad litem, the court shall either (1) forthwith appoint a guardian ad litem, or (2) stay all proceedings until the incompetent is represented in the action by a guardian . . . . If the incompetent is not represented by a guardian in the action within such reasonable time as the court shall direct, the court shall appoint a guardian ad litem for the incompetent." Pa. R.C.P. No. 2056 (c).

In the present case, the lower court made no proper inquiry into the alleged incompetency of the plaintiff. It, therefore, cannot declare the witness to be mentally incompetent and grant a motion for nonsuit that was made on an entirely different matter. By granting the nonsuit the court completely ignores the prescribed procedure as set forth in the rule quoted above.

Order reversed and new trial granted.