Herbert D. CLARK, Plaintiff,

v.

Charles GEIGER
and
New Amsterdam Casualty Company,
Third-Party Plaintiffs,

v.

ATWELL, VOGEL & STERLING, INC.,
Third-Party Defendant.

Civ. A. No. 24808.

United States District Court
E. D. Pennsylvania.

Nov. 21, 1962.

John M. Ross, of Duane, Morris .& Heckscher, Philadelphia, Pa., for New Amsterdam Casualty Company, third-party plaintiff.

Thomas F. Devine, of Folz, Bard, Kamsler, Goodis & Greenfield, Philadelphia, Pa., for Atwell, Vogel & Sterling, Inc., third-party defendant.

FREEDMAN, District Judge.

This case raises an interesting question of procedure. It deals with the deposition of an out of State witness who is claimed to be mentally incompetent.

Herbert D. Clark brought a suit for libel in the Common Pleas Court of Philadelphia County against New Amsterdam Casualty Company and its employee, Charles Geiger. The suit was removed to this court. Clark claimed that Atwell, Vogel & Sterling, Inc., his prospective employer, had asked Geiger and New Amsterdam, for whom he earlier had worked under the supervision of Geiger, for information about him, and that Geiger, in reply, wrote a letter which was defamatory. Clark claimed damages for injury to his reputation and also sought damages for consequent mental illness which permanently disabled him.

The defendants, as third-party plaintiffs, joined Atwell, Vogel & Sterling, Inc., as third-party defendant, averring that it had negligently and in breach of its contractual obligation disclosed to Clark the contents of Geiger's letter.

The original and third-party actions were later severed for purposes of trial. The original action was then tried before a judge and jury. Clark presented the testimony of a psychiatrist, Dr. Harold Dillon, that he suffered paranoiac schizophrenia as a result of Geiger's letter. The jury rendered a verdict in favor of Clark and against Geiger and New Amsterdam Casualty Company in the amount of $21,000.

A year later New Amsterdam filed and served on the third-party defendant notice that it intended to examine Clark upon oral deposition in Tampa, Florida. The purpose of the proposed examination is to have Clark's deposition available for use at trial, inasmuch as he now resides in Florida. The present motion is by the third-party defendant for a protective order under Rule 30(b) to prohibit or regulate the taking of the deposition. A number of fundamental propositions will light the path to the appropriate conclusion.

A witness ordinarily is presumed to be mentally competent to testify. 2 Wigmore, Evidence (3d ed. 1940), §§ 484, 497. This presumption, however, may not be given full scope in the present case. We cannot close our eyes to the indisputable fact, so linked with the present question, that in the original action Clark obtained a jury verdict which in part at least was based upon his own claim of mental illness.

We have then a witness whose evidence may go to the heart of the factual dispute between the present parties [1], and who has himself cast doubt about his competency by his claim of mental illness, supported by a psychiatrist called by him and confirmed by the jury's verdict in his favor.

On the other hand, the existence of a mental illness does not render a wit-

---

1. Clark claimed that he learned from an employee of Atwell, Vogel & Sterling, Inc., that Geiger had written the critical letter to Atwell, Vogel & Sterling, Inc.

ness incompetent for all purposes.[2] Were the witness available at the time of trial the traditional procedure would be to have the question of his competency determined by the trial judge at the time he appeared to testify. But he now is out of the jurisdiction and is not expected to attend the trial. If there were any assurance that Clark would be here at any time prior to the trial his deposition could be taken here and he could at that time perhaps be brought before a judge of this court for an advance ruling on his competency which would be binding on the trial judge. See State v. Wilson, 156 Ohio St. 525, 103 N.E.2d 552, 30 A.L.R.2d 763 (1952), where such procedure was held appropriate. But in the present circumstances, where the witness is outside the jurisdiction of this court, such a remedy is unavailable.

Rule 30(d) authorizes a deponent or a party to interrupt a deposition in another district and to seek relief from a district judge at the place where the deposition is being taken if it is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or a party. If this rule were applicable to the present case, the District Judge in the Southern District of Florida could hear the objection to the competency of the witness after the deposition there had gone sufficiently far. We might then deem a ruling by the Florida District Judge persuasive, if not binding, on the trial court here on the offer of the deposition in evidence. Or indeed the Florida District Judge might terminate the deposition on the ground of the witness's incompetency if it clearly appeared. But Rule 30(d) is limited by its terms to a deposition conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress. Such is not the case here. But even if the Rule extended to the present situation, it would be undesirable to apply it here and have the competency of the witness determined by a judge who is not a member of the court in which the case will be tried.

Rule 32(c) (1) preserves to the third-party defendant the right to object to the competency of the witness until the time of trial.[3] Accordingly, the remedy in the present circumstances should be fashioned to provide for this right and yet meet the practical needs of litigation. On the one hand the deposition of Clark should be permitted to go forward, and on the other hand the third-party defendant should have its right to object to his competency at the time of trial preserved not merely in a theoretical sense, but as fully as possible. In order that this right of the third-party defendant be fully preserved it has been urged that I require a psychiatric examination of Clark as a condition to the taking of his deposition. But Clark is not a party to the third-party action and Rule 35(a), providing for physical and mental examination by a psychiatrist, is limited to examinations made of a party in an action in which his mental or physical condition is in controversy. That Rule therefore does not apply to the present case. Rule 30(b), under which this motion was filed, however, is very broad. It authorizes the court on good cause shown to order that a deposition shall not be taken, and also provides that the court may make any order which justice requires to protect a party or a witness from annoyance, embarrassment, or oppression. Since the

---

2. Commonwealth v. Kosh, 305 Pa. 146, 156, 157 A. 479 (1932); Commonwealth v. Loomis, 270 Pa. 254, 258, 113 A. 428 (1921); Dulnikowski v. Stanziano, 195 Pa.Super. 508, 510, 172 A.2d 182 (1961); 2 Wigmore, Evidence (3d ed. 1940), §§ 492, et seq.

3. Rule 32(c) (1) provides: "Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if presented at that time."

Rule authorizes a complete ban on a deposition, it includes the authority to permit a deposition to be taken on such conditions as the court may impose. But I am unwilling to impose as a condition the requirement of a psychiatric examination of the witness, who obviously is hostile to the third-party plaintiff which seeks his testimony.

In these circumstances I have considered the desirability of appointing a master—perhaps one who is a psychiatrist—to preside at the deposition in Florida and report to the court on the witness's mental capacity. But I have concluded that competency should be decided by the trial judge rather than a master.

Short of an order that Clark submit to psychiatric examination, which I believe unjustified and perhaps impossible, the third-party defendant is entitled to whatever psychiatric information can be made available to it. As a practical matter its right can be preserved if we permit Clark's deposition to be taken in Florida but allow, as part of the deposition, preliminary inquiry by its counsel regarding his mental capacity and add to this the requirement that a psychiatrist may be present at the deposition so that he may be in a position to testify at the trial as to Clark's mental competency if the deposition is offered.

I will, therefore, permit the deposition to go forward in Florida but will require as a condition that a psychiatrist selected by the third-party defendant be permitted to attend the deposition to observe the demeanor of the witness during the giving of his evidence.

In view of the unusual circumstances here involved I will require that the third-party plaintiff pay or agree to pay to the third-party defendant in advance of the deposition the reasonable expenses and fees of the psychiatrist who attends the deposition on behalf of the third-party defendant. I will also require the third-party plaintiff to pay the reasonable expenses incurred by counsel for the third-party defendant in attending the deposition in Florida.

### ORDER

AND NOW, November 21, 1962, the motion for protective order, in so far as it seeks a declaration that Herbert D. Clark is incompetent to testify upon oral deposition or at trial, is denied without prejudice to the renewal of the claim of mental incompetency of the witness at the time of trial; and the motion is granted to the extent that the deposition of Herbert D. Clark may not be taken unless a psychiatrist selected by Atwell, Vogel & Sterling, Inc., the third-party defendant, is permitted to attend the deposition in Florida to observe the demeanor of the witness during the giving of his evidence, and New Amsterdam Casualty Company, third-party plaintiff, shall pay or agree to pay to the third-party defendant in advance of the deposition the reasonable expenses and fees of the psychiatrists selected by the third-party defendant, and shall pay or agree to pay the reasonable expenses incurred by counsel for the third-party defendant in attending the deposition in Florida.