J-A26022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT E. GRIMM, II | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALTHA EUGENE GRIMM, A/K/A A. | : | No. 338 WDA 2019 |
| EUGENE GRIMM, AND EVA M. | : | |
| GRIMM, HIS WIFE, A/K/A EVA M. | : | |
| THOMPSON, AND VINCENT J. | : | |
| ROSKOVENSKY, II, INDIVIDUALLY | : | |
| AND D/B/A VINCENT J. | : | |
| ROSKOVENSKY, II, ATTORNEY AT | : | |
| LAW | : | |

Appeal from the Order Entered January 9, 2019
In the Court of Common Pleas of Fayette County Civil Division at No(s):
1432 of 2007, G.D.

BEFORE:  SHOGAN, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY LAZARUS, J.:                **FILED DECEMBER 11, 2019**

Robert E. Grimm, II (Grandson) appeals from the order, entered in the Court of Common Pleas of Fayette County, denying his motion to strike or open judgment of *non pros*.  After careful review, we affirm.

On May 31, 2007, Grandson initiated legal action against Altha Eugene Grimm (Grandfather) by filing a praecipe for writ of summons.  Grandson alleged that on June 6, 2006, Grandfather went to Grandson's home and struck Grandson in the face with a shovel handle, requiring extensive surgery to repair the damage.  On June 18, 2006, the Pennsylvania State Police filed criminal charges against Grandfather.  Grandson, however, took no further

action in his civil case until after the prothonotary issued a notice of termination, pursuant to Pa.R.C.P. 230.2, on July 28, 2009. **See** Pa.R.C.P. 230.2 ("[T]he court shall initiate proceedings to terminate cases in which there has been no activity of record for two years or more[.]"). Grandson subsequently filed a statement of intention to proceed, a complaint, and on March 23, 2011, an amended complaint.

Again, Grandson took no further action until the prothonotary issued a second notice of termination pursuant to Rule 230.2 on December 3, 2013. Grandson filed a second statement of intention to proceed on February 6, 2014. On May 16, 2014, Grandfather died. On January 26, 2015, the court ordered a status conference for February 29, 2015, at which the court ordered the case be placed on the first available arbitration list. The executor of Grandfather's will, Vincent J. Roskovensky, II, Esquire, filed a motion for *non pros* on March 23, 2015, which the Honorable Gerald R. Solomon granted. Grandson appealed to this Court. **Grimm v. Grimm**, 149 A.3d 77, 80 (Pa. Super. 2016). On September 28, 2016, we vacated Judge Solomon's order, finding the trial court lacked subject matter jurisdiction to enter a judgment of *non pros* regarding Grandson's claims against Grandfather's estate,[1] as Grandfather's death divested the court of subject matter jurisdiction. **See id.**

---

[1] Initially, Grandson also filed claims against Grandmother. She responded by filing preliminary objections in the nature of a demurrer. The trial court sustained the preliminary objections, and this Court affirmed insofar as Grandson's claims implicated Grandmother. **Grimm v. Grimm**, 149 A.3d 77, 80 (Pa. Super. 2016).

("[W]e hold that the death of a party deprives the trial court of subject matter jurisdiction over litigation by or against the deceased until such time as the deceased's personal representative is substituted in his or her place.").

On April 10, 2017, following remand, Grandfather's estate filed a suggestion of death pursuant to Pa.R.C.P. 2355. *See* Pa.R.C.P. 2355(a) ("If a named party dies after the commencement of an action, the attorney of record for the deceased party shall file a notice of death with the prothonotary."). On May 11, 2017, Grandfather's estate filed a renewed motion for judgment of *non pros*. Judge Solomon held an evidentiary hearing on May 16, 2018, at which Attorney Roskovensky, who previously represented Grandfather regarding the related criminal charges, testified to Grandfather's mental capacity from the time between Grandson filing the instant civil suit and Grandfather's death. On direct examination, Attorney Roskovensky stated he met with Grandfather on a near monthly basis and that Grandfather possessed sufficient capacity to convey information intelligently regarding his personal affairs and that he would have been able to assist in his own defense. On cross-examination, Attorney Roskovensky admitted that while representing Grandfather, he successfully moved to have criminal proceedings

against Grandfather stayed on the grounds that Grandfather was incompetent to stand trial for his alleged crimes.[2]

In an opinion and order dated December 6, 2018, the Honorable John F. Wagner, Jr.[3] granted the renewed motion for *non pros* filed by Grandfather's estate. Grandson timely filed a motion to strike or open judgment of *non pros*, which the court denied on January 9, 2019. Both Grandson and the court complied with Pa.R.A.P. 1925.

Grandson raises the following claims for our review:

1. Did the trial court err in refusing to open or strike the entry of judgment of *non pros* when [Grandson] satisfied the criteria mandated by [Pa.R.C.P] 3051(b)?

2. Did the trial court err in refusing to open or strike the entry of judgment of *non pros* when the doctrines of judicial estoppel, collateral estoppel, issue preclusion, and res judicata bar [Grandfather's estate] from asserting that [Grandfather] would have been competent to testify if he were still alive?

3. Did the trial court err in refusing to open or strike the entry of judgment of *non pros* when [Grandfather's estate] failed to file a "Notice of Death" for a period of [four] years?

4. Did the trial court err in refusing to open or strike the entry of judgment of *non pros* when [Grandfather's estate] filed

---

[2] Specifically, on May 27, 2008, the court ordered Attorney Roskovensky to submit annual evaluations to re-examine the issue of Grandfather's competency.

[3] On May 16, 2018, Charity Grimm Krupa, Esquire, entered her appearance on behalf of Grandson. This delayed proceedings, as four of Fayette County's six Court of Common Pleas judges recused themselves, either as a result of having previously worked with Grandson, who was an assistant district attorney, or having previously employed Attorney Krupa as a clerk.

- 4 -

the motion for *non pros* 32 days after a status conference at which the case was set for arbitration?

Brief of Appellant, at 3.

Preliminarily, we examine whether Grandson has preserved any claims for our review. "[T]he purpose of a Pa.R.A.P. 1925(a) opinion is to address discrete issues raised by an appellant on appeal." ***M.J.M. v. M.L.G.***, 63 A.3d 331, 336–37 (Pa. Super. 2013). "Our law makes it clear that Pa.R.A.P. 1925(b) is not satisfied by simply filing any statement. Rather, the statement must be concise and coherent as to permit the trial court to understand the specific issues being raised on appeal." ***Tucker v. R.M. Tours***, 939 A.2d 343, 346 (Pa. Super. 2007). Further, "failure to develop an argument with citation to, and analysis of, relevant authority waives that issue on review." ***Harris v. Toys "R" Us-Penn, Inc.***, 880 A.2d 1270, 1279 (Pa. Super. 2005); ***see*** Pa.R.A.P. 2119(a) (requiring argument section of brief to present discussion of pertinent authority).

Grandson's second claim, as articulated in his statement of errors complained of on appeal, was too vague for Judge Wagner to evaluate. ***See*** Pa.R.A.P. 1925(a) Opinion, 6/17/19, at 6 ("[Grandson] . . . fails to present argument as to how [judicial estoppel, collateral estoppel, issue preclusion and res judicata] specifically relate to the evidence in this case. With such a[n] indistinct and vague concise statement, this [c]ourt can merely speculate as to what [Grandson] complains of on appeal."). The relevant portion of Grandson's Rule 1925(b) statement fails to hint at how the legal theories

- 5 -

asserted apply to the instant case. **See** Pa.R.A.P. 1925(b) statement, 3/15/19, at 1 (offering only question presented in Rule 1925(b) statement). We, therefore, concur with the trial court and find Grandson waived his second claim. **See Kanter v. Epstein**, 866 A.2d 394, 400 (Pa. Super. 2004) ("[A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the equivalent of no [c]oncise [s]tatement at all.").

In asserting his third claim, Grandson fails to cite to a single case in support of his argument. **See** Brief of Appellant, at 28. Consequently, his third claim is waived. **See Toys "R" Us-Penn, Inc.**, **supra** at 1279 (finding waiver for failure to develop argument with citation to relevant authority); **see also** Pa.R.A.P. 2119(a) (requiring argument section of brief to present discussion of pertinent authority).

Grandson's fourth claim exclusively cites to *dicta* from our 2016 decision in which we dismissed Grandson's appeal for lack of subject matter jurisdiction. **See** Brief of Appellant, at 29 (quoting **Grimm**, **supra** at 86 n.10) (finding Court unable to reach merits of decision to grant motion for *non pros*, but acknowledging reservations because of temporal proximity between ordering arbitration and granting *non pros*[4])); **see also In re L.J.**, 79 A.3d

---

[4] The entirety of the footnote referenced by Grandson states as follows:

> We note that although we are unable to reach the merits of Grandson's first and second issues, we have serious reservations about the propriety of the trial court's action. The motion for *non*

1073 (Pa. 2013) (finding footnote non-binding *dicta* where issue was "not necessary to the outcome of the case."). As Grandson exclusively cited to non-binding *dicta*, without any discussion of authority in support of his claim, we find his fourth claim waived. ***See Toys "R" Us-Penn, Inc.***, ***supra*** at 1279 (finding waiver for failure to develop argument with citation to relevant authority); ***see also*** Pa.R.A.P. 2119(a) (requiring argument section of brief to present discussion of pertinent authority).

Grandson, therefore, has preserved only his first claim for our review. In this claim, Grandson argues the trial court erred by "refusing to open or

_____

*pros* was filed a mere 32 days after the status conference at which the case was set for arbitration. The record does not reflect a material change during that short timespan which warranted the entry of a judgment of *non pros*.

***Grimm***, ***supra*** at 86 n.10.

In light of the record and Grandson's filings, we find the prior panel's fears unfounded. Nothing in the record indicates Grandson played any role in the trial court ordering arbitration. ***See*** Order, 1/26/15, at 1 (ordering, *sua sponte*, status conference following second notice of termination and second statement of intention to proceed); ***see also*** Order, 2/19/15, at 1 (ordering arbitration after status conference, providing no summary of status conference, stating no reason for ordering arbitration). Critically, even with the benefit of this Court previously highlighting its concerns, Grandson failed to aver any facts which might warrant such a conclusion, and failed to protest the court reversing course. ***See*** Brief of Appellant, at 4–7 (stating no reason why court ordered arbitration in recitation of facts); ***see also id.*** at 29 (stating no reason for court-ordered arbitration in pertinent section of argument); ***see also Shope v. Eagle***, 710 A.2d 1104, 1108 (Pa. 1998) (requiring plaintiff move case forward); ***see also*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

strike the entry of judgment of *non pros* when [Grandson] satisfied the criteria Mandated by [Rule] 3051[.[5]]" **See** Brief of Appellant, at 8. Grandson argues the trial court erred by failing to account for the fact that a criminal court found grandfather incompetent to stand trial; he, therefore, claims Grandfather's death cannot be prejudicial to his estate's defense, because he could not have participated in his own defense while alive. **See** Brief of Appellant, at 8–17 (citing 50 P.S. § 7403 (governing defendant's *competency* to face *criminal* charges)).

We review the decision to deny Grandson's petition to open or strike judgment of *non pros* for an abuse of the court's discretion.[6] **Madrid v. Alpine Mountain Corp.**, 24 A.3d 380, 381–82 (Pa. Super. 2011) ("A trial court's decision to deny a petition to open or strike a judgment of *non pros* is

---

[5] In his claim, Grandson argues he "satisfied the criteria mandated by [Pa.R.C.P] 3051(b)." Brief of Appellant, at 8. Grandson, however, goes on to argue his case was erroneously dismissed "for inactivity pursuant to a defendant's motion for *non pros*[.]" **Id.** "If the relief sought includes the opening of the judgment of *non pros* for inactivity[,]" the proper argument is only cognizable under Rule 3051(c), not Rule 3051(b). **See** Pa.R.C.P. 3051(c).

[6] Grandson incongruously asserts his claims stem from a court order sustaining preliminary objections, requiring *de novo* review, while simultaneously listing the order in question as one denying "the Plaintiff's Motion to Strike or Open Judgment of *Non Pros*." **See** Brief of Appellant, at 1–2. It is well-settled that Grandson's claim, which clearly concerns the court's denial of a petition to open or strike a judgment of *non pros*, is reviewed for an abuse of discretion. **Madrid v. Alpine Mountain Corp.**, 24 A.3d 380, 381–82 (Pa. Super. 2011) ("A trial court's decision to deny a petition to open or strike a judgment of *non pros* is scrutinized on the abuse of discretion standard of appellate review.").

scrutinized on the abuse of discretion standard of appellate review."); *see*

***Ambrogi v. Reber***, 932 A.2d 969, 974 (Pa. Super. 2007) ("An abuse of

discretion is not merely an error of judgment. . . . If the record adequately

supports the trial court's reasons and factual basis, the court did not abuse its

discretion.").

"A petition under [Pa.R.C.P] 3051 is the only means by which relief

from a judgment of *non pros* may be sought." ***Madrid***, ***supra*** at 381–82

(citations and quotations omitted). Rule 3051 states, in relevant part, as

follows:

> (c)  If the relief sought includes the opening of the judgment of
> *non pros* for inactivity, the petition shall allege facts showing
> that
>
> . . . .
>
> (1) the petition is timely filed,
>
> (2) there is a meritorious cause of action, and
>
> (3) the record of the proceedings granting the judgment of *non
> pros* does not support a finding that the following requirements
> for entry of a judgment of *non pros* for inactivity have been
> satisfied:
>
>> (i) there has been a lack of due diligence on the part of the
>> plaintiff for failure to proceed with reasonable promptitude,
>>
>> (ii) the plaintiff has failed to show a compelling reason for
>> the delay, and
>>
>> (iii) the delay has caused actual prejudice to the defendant.

Pa.R.C.P. 3051(c).

"Failure to provide a satisfactory explanation for a prolonged period of inactivity supports a finding of lack of diligence." ***Intech Metals, Inc. v. Meyer, Wagner & Jacobs***, 153 A.3d 406, 412 (Pa. Super. 2016). Further, prejudice attaches following "any substantial diminution of a party's ability to properly present its case at trial[,]" specifically stating "[a] judgment of *non pros* may be entered when the delay has caused some prejudice to the adverse party, such as the death . . . of [a] material witness[.]" ***Id.***

The trial court found Grandson "clearly failed to meet his burden under [Rule] 3051" on the following grounds:[7] (1) "[a] review of the record makes it clear that [Grandson] has shown a want of due diligence in failing to proceed to move this case forward[;]" (2) "[Grandson] has made no record of any compelling reason for delay[;]" and (3) "actual prejudice has been caused to the adverse party by the death of [Grandfather], a material witness." Pa.R.A.P. 1925(a) Opinion, 6/17/19, at 4–5.

The court found immaterial the fact that Grandfather had been ruled incompetent to be tried criminally, as Grandson never challenged Grandfather's competence during the pendency of the instant case. ***See id.***

_____

[7] We note that Grandson's motion to strike or open judgment of *non pros* alleged facts establishing the first two prongs of Rule 3051(c)—namely, that his petition was timely filed, and that there was a meritorious cause of action. ***See*** Motion to Strike or Open Judgment of *Non Pros*, 12/31/18, at 1–2. The trial court's Rule 1925(a) opinion, therefore, only examines the three sub-requirements under Rule 3501(c)(3). ***See*** Pa.R.A.P. 1925(a) Opinion, 6/17/19, at 4–6.

at 5 (citing **Dulnikowski v. Stanziano**, 172 A.2d 182, 183 (Pa. Super. 1961) (finding "[t]he mere fact that the plaintiff suffered from senility . . . did not render him incompetent to testify[;]" requiring trial court to determine whether witness had sufficient intelligence to comprehend transaction at issue)). The court credited Attorney Roskovensky's assertion that Grandfather "had sufficient capacity to aid in the development of the case and, if necessary to provide testimony." **Id.** at 6. This, in the court's opinion, prejudiced Grandfather's estate by compromising its ability to present a defense at trial. **See id.** (citing **Metz Contracting, Inc. v. Riverwood Builders, Inc.**, 520 A.2d 891, 893–94 (Pa. Super. 1987) (finding proper entry of judgment of *non pros* where, *inter alia*, "delay has caused some prejudice to the adverse party, such as the death . . . of material witnesses.") and **James Bros. Lumber Co. v. Union Banking & Trust Co. of Du Bois, Pa.**, 247 A.3d 587, 589 (Pa. 1968) (same)).

Upon review, we find "the record adequately supports the trial court's reasons and factual basis" for finding Grandson failed to show a lack of support in the record for the first two requirements under Rule 3501(c)(3). **Ambrogi**, **supra** at 974; **see** Pa.R.C.P. 3051(c)(3)(i)–(ii) (listing lack of due diligence and failure to show compelling reason). Grandson provided a litany of docket entries from Grandfather's related criminal proceedings; he, however, failed to provide any reason as to why these criminal proceedings resulted in a 2,821 day gap between filing a praecipe for writ of summons and this case's first

substantive status conference.[8]  **See** Brief of Appellant, at 8–17; **see also**

**Intech Metals, Inc.**, **supra** at 412 ("[f]ailure to provide a satisfactory

explanation for a prolonged period of inactivity supports a finding of lack of

diligence.").

Further, we find support for both the trial court's factual basis and

reasoning regarding prejudice, the third prong under Rule 3051(c)(3).  **See**

Pa.R.A.P. 1925(a) Opinion, 6/17/19, at 4–5 (finding dispositive Grandson's

failure to challenge Grandfather's competence during pendency of instant civil

case; crediting Attorney Roskovensky's testimony); **see also** N.T. Evidentiary

Hearing, 5/16/18, at 18 (stating Attorney Roskovensky found Grandfather

spoke intelligently about personal affairs from 2006 through death in 2013).

We do not find the determination of Grandfather's "incompetence" to

stand trial in a criminal matter in and of itself determinative as to whether

Grandfather was an "incapacitated person" lacking the ability to aid with his

defense.  **Compare** 50 P.S. § 7402(a) (precluding individual from facing

---

[8] At no point during the several years of the pendency of this action did Grandson ever challenge the competency of grandfather, nor did he ask any civil court to determine the level of incapacity of his grandfather for the purposes of his civil action.  **See** Brief of Appellant, at 8–17 (failing to assert any action in civil proceeding regarding Grandfather's status as incapacitated person).  As it is the plaintiff's responsibility to move his case forward, Grandson cannot sit idly by and rely on another court's determination without risking his position. **See Shope**, **supra** at 1108 (requiring plaintiff move case forward).  In fact, not only did Grandson fail to delve into this aspect of the case—other than to file a summons and two statements of intent to proceed and a response to the motion to *non pros*—Grandson did nothing to prosecute his cause of action.  **See** Brief of Appellant, at 8–17.

*criminal charges* on grounds of *incompetence* when he "is found to be substantially unable to understand the nature or object of the proceedings against him or to participate and assist in his defense[.]") **with** Pa.R.C.P. 2051 (defining "incapacitated person" in *civil proceedings* as "an adult whose ability to receive and evaluate information effectively and communicate decisions in any way is impaired to such a significant extent that the person is partially or totally unable to manage financial resources or to meet the essential requirements for physical health and safety[.]"). Grandson never gave the court the chance to evaluate the evidence of Grandfather's incapacity during his lifetime. **See** Pa.R.C.P. 2056(e) (requiring "[a] finding of incapacity" under Rules of Civil Procedure); **see also Dulnikowski**, **supra** at 183 (finding, in civil cases, "[t]he general rule is that the testimony of a witness suffering from an illness affecting mentality is admissible if he has sufficient understanding to apprehend the obligation of an oath, and be capable of giving a correct account of the matters [at issue.]"). In light of the court crediting testimony that Grandfather could have participated in his civil defense, we cannot find Judge Wagner abused his discretion by denying Grandson's motion to strike or open judgment of *non pros* under Rule 3051(c). **See** Pa.R.A.P. 1925(a) Opinion, 6/17/19, at 6; **see also Ambrogi**, **supra** at 974.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/11/2019